# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN PEREZ, | ) |
| | ) |
| Plaintiff, | ) C.A. No.: |
| | ) |
| v. | ) |
| | ) |
| MERRICK BANK CORPORATION, | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| Defendant. | ) **JURY TRIAL** |
| | ) |

## COMPLAINT

JUAN PEREZ ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MERRICK BANK CORPORATION ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19124.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its principal place of business located at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for at least one year.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in October 2015 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

13. Upon information and belief, Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14. Plaintiff knew Defendant was using an automated telephone dialing system as there was a noticeable delay before a call was transferred to a collector.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to contact Plaintiff regarding an unpaid account balance.

16. Furthermore, shortly after the calls began, Plaintiff informed Defendant that he was unable to pay the balance, and as such, requested that Defendant cease its calls to his cellular telephone regarding the matter.

17. However, Defendant continued to call Plaintiff.

18. Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

PLAINTIFF'S COMPLAINT

21. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

23. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

24. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

25. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

26. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

27. Defendant's calls to Plaintiff's cellular telephone, after he revoked consent, were not made with Plaintiff's prior expressed consent.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JUAN PEREZ, respectfully prays for a judgment as follows:

  a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

  b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

  c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

  d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.   Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JUAN PEREZ, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

Dated: December 16, 2016

- 6 -

PLAINTIFF'S COMPLAINT